UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALMA NASTASI, <br><br> Plaintiff, <br><br> v. <br><br> ARJAN RAVOLLI, *et al*, <br><br> Defendants. | Civil Action No. 22-6191 (JXN) (JRA) <br><br> **OPINION** |

<u>**NEALS**</u>, District Judge

**THIS MATTER** comes before the Court by Defendant Gary H. Giannantonio's unopposed motion to dismiss (ECF No. 11) *pro se* Plaintiff Alma Nastasi's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered the parties' submissions (Plaintiff's Complaint and the motion to dismiss) and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the motion to dismiss is **GRANTED**, and all claims against Defendant Gary H. Giannantonio are **DISMISSED without prejudice**.

**I.   BACKGROUND**[1]

This case arises out of the transfer of real property located at 449 Harrison Avenue in Garfield, New Jersey (the "Subject Property"). (*See* Complaint ("Compl.") ¶ 1, ECF No. 1.) Plaintiff Alma Nastasi ("Plaintiff"), her husband Olsi Nastasi ("Olsi"), and Defendants Arjan Ravolli ("Ravolli") and his wife, Rudina Gaba ("Gaba") owned the Subject Property as Tenants in Common from December 2015 to April 2018. (*See* Compl., Ex. A containing the Affidavit of Title and Deed.) On April 27, 2018, Plaintiff and Olsi conveyed their respective ownership

---

[1] For purposes of the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

shares in the Subject Property to Ravolli and Gaba (collectively the "Gaba Defendants") for the sum of $1.00. (Compl. ¶ 2, Ex. A. at 7.) Defendant Gary H. Giannantonio ("Defendant Giannantonio") was retained to prepare the Affidavit of Title and the Deed, which transferred Plaintiff's and Olsi's respective shares in the Subject Property to the Gaba Defendants as the sole owners. (*See* Compl., Ex. A.) At some point after the conveyance, the Subject Property was encumbered by a mortgage, which included Plaintiff as a mortgagor. (*See* Compl. ¶¶ 4, 5.)

Plaintiff filed this action on October 20, 2022, against Defendant Giannantonio and the Gaba Defendants for breach of contract (First Count), violations of the New Jersey Consumer Fraud Act ("NJCFA") (Second Count), and New Jersey's Civil Racketeer Influenced and Corrupt Organizations Act ("NJ RICO") (Third Count). (*See* Compl. ¶¶ 16-31.) Plaintiff seeks damages as well as costs and attorney's fees. (*See* Compl. ¶ 32, 1-6.)

In the Complaint, Plaintiff alleges that the Gaba Defendants breached their obligations under the deed by, *inter alia,* engaging in a scheme to utilize Plaintiff's social security number to obtain a loan for the Subject Property. (Compl. ¶ 4.) Plaintiff claims that "Defendants had no intention of paying the mortgage, and deliberately allowed the property to go into foreclosure status…to affect Plaintiff's credit." (Compl. ¶ 7.) Plaintiff alleges that "Defendant [] Giannantonio, at the behest of the [Gaba Defendants], attempted to, and did, succeed in allowing Plaintiff to fall into a foreclosure status on the Subject Property, thereby damaging Plaintiff, her creditworthiness, and her ability to purchase a home in the future." (Compl. ¶ 5.) Plaintiff further claims that "Defendants had actual and constructive malice, worked in concert with one another, and did, succeed in their scheme to make Plaintiff liable for a mortgage and note..." (Compl. ¶ 8.)

On February 7, 2023, Giannantonio moved to dismiss Plaintiff's Complaint with

prejudice pursuant to Rule 12(b)(6). (ECF No. 11.) Plaintiff did not file a brief in response.[2] Accordingly, this Court reviews the motion as unopposed.[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[4] requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted); *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 WL 5545236, at *2-3, 2015 U.S. Dist. LEXIS 124873 at *7-8 (D.N.J. Sept. 18, 2015). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. But conclusory or bare-bones allegations will not do. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere

---

[2] The deadline for Plaintiff to file opposition papers was February 20, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose Giannantonio's motion.

[3] The Third Circuit requires analysis of the merits of the underlying complaint even if a motion under Rule 12(6)(6) is unopposed. *See Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991); *see also Jones v. Unemployment Comp. Bd. of Review,* 381 F. App'x 187, 189 (3d Cir. 2010).

[4] For the sake of brevity, all references herein to "Rule" or "Rules" will be to the Federal Rules of Civil Procedure.

conclusory statements, do not suffice."). *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Id*. at 678, 129 S.Ct. 1937 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (discussing the standard).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (distinguishing the court's review of prose complaints, "which we hold to less stringent standards than formal pleadings drafted by lawyers."). But the "Court need not credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC,* No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14., 2010).

### III.   DISCUSSION

As noted above, Plaintiff's Complaint asserts three state law claims against Defendants for breach of contract (First Count), and violations of the NJCFA (Second Count) and NJ RICO (Third Count). (*See* Compl. ¶¶ 16-32.) While not asserted as a separate claim in the Complaint, however, Plaintiff invokes federal question jurisdiction under the federal civil RICO statute, 18 U.S.C. § 1962(c) ("federal RICO"). (*See* Compl., ¶ 14.) As a result, the Court will determine whether federal RICO provides a basis for this Court's subject matter jurisdiction and will merge this analysis with the Rule 12(b)(6) analysis of whether a claim has been stated.

#### A.   Plaintiff Fails to State a Claim

The federal RICO statute provides for civil damages for "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." *Tabas v. Tabas*, 47 F.3d 1280, 1289–90 (3d Cir. 1995) (quoting 18 U.S.C. § 1964(c)). A common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a

"pattern of racketeering activity." Section 1962(c) prohibits any person employed by or associated with an enterprise engaged in interstate commerce from conducting or participating in the affairs of the enterprise through "a pattern of racketeering activity." (*Id*.) Section 1961(1) defines "racketeering activity," also known as a predicate act, and lists various state and federal crimes that constitute such an act. 18 U.S.C. § 1961(1).

To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Chey v. LaBruno*, 608 F. Supp. 3d 161, 184 (D.N.J. 2022) (citing *P.R.L. v. Imrex Co.*, 473 U.S. 479, 482–83 (1985)). To establish a "pattern of racketeering," a plaintiff must allege "at least two predicate acts of racketeering that occurred within ten years of each other." *Slimm v. Bank of Am. Corp.*, No. 12-5846, 2013 WL 1867035, at *20 (D.N.J. May 2, 2013). "New Jersey's civil RICO statute is substantially similar" to the federal civil RICO statute.[5] *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 674 (D.N.J. 2015). *See also Galicki v. New Jersey*, No. 14–169, 2015 WL 3970297, at *7 (D.N.J. June 29, 2015) (discussing standards under state act).

In the Complaint, Plaintiff asserts RICO claims against "Defendants" by alleging that "there was the conduct as demonstrated by the failure to tender the mortgage payments, an enterprise by and between the Defendants, and a pattern to throw Plaintiff under the financial truck." (Compl. ¶ 31.) Further, the only allegation specifically naming Gainnantonio and describing his alleged involvement in this matter provides that "Giannantonio, at the behest of [the Gaba Defendants], attempted to, and did, succeed in allowing Plaintiff to fall into a foreclosure status on the Subject Property...." (Compl. ¶ 5.) The Court finds that Plaintiff has not

---

[5] To state a claim under New Jersey's civil RICO statute, a plaintiff must allege "'(1) the existence of an enterprise; (2) that the enterprise engaged in activities that affected trade or commerce; (3) that the defendant was employed by or associated with the enterprise; (4) that the defendant participated in the conduct of the affairs of the enterprise; (5) that the defendant participated though a pattern of racketeering activity; and (6) that the plaintiff was injured as a result of the conspiracy." *Sharp*, 153 F. Supp. 3d at 674 (quoting N.J.S.A. § 2C:41–2(c))

stated a claim under § 1962(c) as the Complaint does not include facts to establish an enterprise between Defendant Giannantonio and the Gabba Defendants through a pattern of racketeering activity and does not identify two RICO predicate offenses that occurred within the past ten years.

First, Plaintiff has not plausibly alleged that the relationship between Giannantonio and the Gabba Defendants constituted an enterprise. RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise, therefore, may take the form of either a formal legal entity or an informal association-in-fact. *Chey*, 608 F. Supp. 3d at 184 (citing *United States v. Turkette*, 452 U.S. 576 581-82, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)). The Supreme Court has held that an association-in-fact enterprise must have, at minimum, the following features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). Further, the Supreme Court held that "§ 1962(c) cannot be interpreted to reach complete "outsiders" because liability depends on showing that the defendants conducted or participated in the conduct of the "*enterprise's* affairs," not just their *own* affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). Here, Plaintiff appears to allege an informal association-in-fact enterprise. However, Plaintiff fails to connect Defendant Giannantonio's limited involvement in preparing a Deed to transfer title of the Subject Property, as Plaintiff intended, to the alleged enterprise. (*See* Compl. ¶¶ 1-3, Ex. A.) The Court also finds that Plaintiff's allegations concerning the existence of "an enterprise by and between the Defendants" (Compl. ¶ 31) or that Defendants "worked in

concert with one another" (Compl. ¶ 8) are merely legal conclusions fall short of establishing an association-in-fact enterprise. *See Chey*, 608 F. Supp. 3d at 185.

Second, Plaintiff fails to plausibly allege a pattern of racketeering activity. As noted above, a "'pattern of racketeering activity' requires at least two acts of racketeering activity within a ten-year period." *Aguilar v. Ken's Marine & Oil Serv., Inc.,* No. 14-6735, 2017 WL 2312358, at *3 (D.N.J. May 25, 2017) (quoting 18 U.S.C. § 1961(5)). Here, Plaintiff's only allegations suggesting fraud are her vague and conclusory claims "Defendants" engag[ed] in a scheme to … obtain a loan for the Subject Property" and "make Plaintiff liable for the mortgage and note[,]" and "allowed Plaintiff to fall into foreclosure status on the Subject Property." (Compl. ¶¶ 4, 5, 8). However, the Complaint does not provide any facts regarding said mortgage. Without more detailed factual allegations concerning the mortgage and how the purported fraudulent scheme worked, Plaintiff cannot establish a pattern of racketeering activity. Thus, the Complaint fails to satisfy the requisite elements of a pattern of racketeering activity.

Plaintiff fails to plausibly state any viable claims under the federal or NJ RICO statutes. The Third Count of the Complaint is dismissed.

### B. Remaining State Law Claims

As Plaintiff's federal RICO claim has been dismissed and Plaintiff has not alleged any other basis for this Court to exercise its jurisdiction over this matter,[6] the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, the balance of the Complaint is dismissed for lack of federal jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (1993); *see also Pennsylvania Nurses Ass'n v. Penn. State Educ. Ass'n*, 90 F.3d 797, 801 (3rd

---

[6] The Court also finds that Plaintiff cannot invoke diversity jurisdiction under 28 U.S.C. § 1332. For this Court to have diversity jurisdiction, plaintiff and defendants must be completely diverse, that is, citizens of different states. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, Plaintiff and all Defendants appear to be citizens of New Jersey. (*See* Compl. ¶¶ 10-13.)

Cir.1996) (explaining that the discretionary language of 28 U.S.C. § 1367(c)(3) permits a district court to decline to exercise supplemental jurisdiction over state claims where it has dismissed all claims over which it has original jurisdiction).

### C. Dismissal of the unserved Gaba Defendants

Plaintiff has failed to effect service on the Gaba Defendants, Arjan Ravo Olsi and Rudina Gaba. A plaintiff in a civil action in federal court must complete service of their complaint within 90 days of filing or within a period prescribed by the District Court. *See* Fed. R. Civ. P. 4(m); *Mathies v. Silver*, 450 F. App'x 219, 221 (3d Cir. 2011) (affirming district court's dismissal of action in which plaintiff failed to effect service). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the Court to determine whether the plaintiff has shown good cause for the failure. *See Mathies*, 450 F. App'x at 221.

On June 29, 2023, the Clerk of the Court issued a notice of call for dismissal pursuant to Rule 4(m). (*See* ECF No. 22.) The notice provided that

> [this] action will be dismissed as to ARJAN RAVOLLI and RUDINA GABA on July 17, 2023, for failure to effect service of the Summons and Complaint within 90 days of the filing of the Complaint, unless you establish that service was effected within said 90 days, by filing proof of service with the Clerk of the Court before the return date of this notice.

(*Id.*) Plaintiff timely filed a response to the notice of call for dismissal on July 11, 2023, and requested a 30-day extension of time to complete service on the Gaba Defendants. (*See* ECF No 23.) On July 12, 2023, the Court extended the time for Plaintiff to effect service on the Gaba Defendants until August 11, 2023, and directed Plaintiff to provide the Court with a status of service by August 16, 2023. (*See* ECF No. 24.) Plaintiff was also advised that failure to properly serve the Gaba Defendants and update the Court as directed would result in dismissal for failure

to prosecute pursuant to Local Civil Rule 41.l(a).[7] (*See id*.) To date, Plaintiff has not filed proof of service nor updated the Court on the status of service as required by the Court's July 12, 2023 Order. (*See id*.) Consequently, because Plaintiff has not shown good cause for her failure to serve the Gaba Defendants, even after the time for service was extended, dismissal under both Rule 4(m) and L. Civ. R. 41.1(a) is warranted. *See, e.g., Mathies*, 450 F. App'x at 221 (affirming district court's dismissal of action in which plaintiff failed to effect service); *Kabacinski v. Bostrom Seating*, 98 F. App'x 78, 82 n.3 (3d Cir. 2004) (stating that district courts are authorized to impose even harsh penalties for violations of the local rules, including dismissal of a complaint for failure to prosecute. Thus, Plaintiff's claims against the Gaba Defendants, Arjan Ravolli and Rudina Gaba, are dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Giannantonio's motion to dismiss (ECF No. 11) is **GRANTED,** and the Complaint (ECF No. 1) is **DISMISSED without prejudice** as to all Defendants. An appropriate Form of Order accompanies this Opinion.

**DATED**: November 30, 2023

JULIEN XAVIER NEALS
United States District Judge

---

[7] Local Civil Rule 41.1(a) provides in relevant part that "Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."